Decree affirmed and appeal dismissed, at the costs of the appellant.

---

## Appeal of John H. Goldbeck et al.

In an action in equity to compel the satisfaction of a mortgage, conditioned that the mortgagor shall erect on a lot a substantial brick building

NOTE.—A court of equity has jurisdiction to decree the satisfaction of a fully paid mortgage (German-American Title & T. Co. v. Shallcross, 147 Pa. 485, 30 Am. St. Rep. 751, 23 Atl. 770; Biddle v. Lewis, 15 W. N. C. 379; Fertig v. Henne, 197 Pa. 560, 47 Atl. 840); or where the mortgage is void (Grier's Appeal, 101 Pa. 412). But it must be proved to have been satisfied. Presumption from lapse of time is not sufficient. Coates v. Roberts, 2 Phila. 244. This remedy is not to be used where the effort is to secure satisfaction by paying into court the amount which is due. The act of April 3, 1851 (P. L. 868, § 14), regulates the procedure in such cases. Keyer v. Cosmopolitan Sav. & Loan Asso. 8 Pa. Dist. R. 708.

not less in value than $2,000, *held,* that the condition of the mortgage was complied with by the erection of two brick buildings, an office and stable, the former of which cost over that sum.

(Decided January 17, 1887.)

January Term, 1886, No. 248, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Common Pleas No. 1 of Philadelphia County dismissing defendants' exceptions to a master's report in favor of plaintiff in a bill in equity to compel the entry of the satisfaction upon the record of a mortgage alleged to be a cloud upon the plaintiff's title. Affirmed.

This bill was filed by Jacob H. Gemrig against John H. Goldbeck and the Fidelity Insurance & Safe Deposit Company and alleged that the plaintiff was the owner of a certain lot of ground on Spring Garden street in the city of Philadelphia; that Charles A. Doerr had been at one time the owner of said lot of ground, and that while such owner he executed and delivered to John H. Goldbeck a mortgage of the said premises bearing date October 13, 1869, and recorded, etc., for the sum of $2,000.

The condition of the mortgage was that "if said Doerr should well and truly pay a certain yearly ground rent of $1,020 issuing out of a certain lot of ground on Bridge street . . . when and as the same shall accrue and become due and payable . . . or erect or cause to be erected a good, substantial, brick building on any part of the said lot of ground on Bridge street not less in value than $2,000, then the obligation to be void and the mortgage forthwith satisfied of record." That Goldbeck, by assignment dated June 10, 1878, duly recorded, assigned said mortgage to the Fidelity Insurance, Trust, and Safe Deposit Company, which now holds the same as collateral security for the payment of a debt due to it by Goldbeck.

That said Charles A. Doerr complied with the condition of said mortgage, and erected upon the lot on Bridge street, a good, substantial, brick building not less in value than $2,000 and that said mortgage should, therefore, be satisfied of record.

That said Doerr and plaintiff have requested defendants to enter satisfaction on the record of said mortgage, and tendered to each of them the cost and reasonable expense attending said

satisfaction, and that defendants, in disregard of the stipulations of said mortgage, have neglected and refused to enter such satisfaction.

That said mortgage is a cloud upon the title to plaintiff's property, and interferes with the sale thereof; and praying that said defendants may be decreed to enter satisfaction upon the record of said mortgage.

The answer of the defendants denied the allegation of the bill in regard to the compliance by Doerr with the conditions of the mortgage; and averred that Doerr had not complied with the conditions of the mortgage, and never did erect upon the said lot of ground a good, substantial, brick building not less in value than $2,000, and that he had not paid or caused to be paid the said yearly ground rent of $1,020, and further averred that the mortgage still remains in full force and effect and should not be satisfied of record.

They deny that they had, in disregard of the stipulations of the mortgage, neglected and refused to enter satisfaction thereof; but they assert that the conditions contained in the mortgage have never been complied with, and that the mortgage remains a good and valid security against said premises, and they deny that the existence of said encumbrance interferes with the sale of said premises or depreciates the value thereof. They admit the other allegations of the bill to be true.

The following facts appeared in the hearing before John W. Gerdemann, Esq. Master:

In April, 1880, plaintiff, Gemrig, became the purchaser at sheriff's sale of the premises on Spring Garden street as the property of Charles A. Doerr. Subsequently discovering the mortgage on record he made a demand for a satisfaction of the same.

It appeared that Doerr within a year after executing the mortgage had erected upon the premises on Bridge street two brick buildings, one fitted up as an office and counting room, the other used as a stable. Plaintiff contended that the condition of the mortgage was complied with by the erection of these buildings. There was ample evidence at the trial that they cost more than $2,000 to build, the office alone costing more than that sum. Defendants contended that neither of them was a "good, substantial, brick building, not less in value than $2,000,"

and also that the question of cost was not material to the question in dispute; that the purpose of the parties was to increase the value of the ground and make the ground rent more secure by the erection of a building that would be in value not less than $2,000, and that these buildings were so unsuitable to the ground and neighborhood as to be of no value.

The master found as facts that the erection of the office and stable was a full compliance with the condition of the mortgage, and that the buildings were of such a kind and nature and of such a value as to fulfil the conditions of said mortgage.

Numerous exceptions to the report of the master were filed by the defendants, which, after hearing in the court below, were dismissed, and the report confirmed, and a decree entered, in accordance with the prayer in plaintiff's bill.

The assignments of error specified the action of the court in dismissing the exceptions and in entering the decree.

*Edwin O. Michener* for appellants.

*William Nelson West* and *Henry J. McCarthy* for appellee.

PER CURIAM:

The evidence was sufficient to justify the master's finding of facts. The learned judge concurred therein. Thus it appears that Doerr complied with the obligation he assumed, to erect a building on the lot conveyed to him. It follows that the decree was correct.

Decree affirmed and appeal dismissed, at the costs of the appellants.